HOWARD, Circuit Judge,
concurring.
I join Judge Torruella’s excellent opinion, adding three brief comments.
First, I agree that by failing to adequately consider an arrangement that would have allowed at least some spectators to be present in the courtroom during jury selection, the district court did not fulfill its obligation to conduct the careful balancing of interests as required by Presley. I do not, however, view our holding as suggesting that the trial judge court is in every case constitutionally required to adopt such an arrangement to preserve the defendant’s public trial rights in the face of overcrowding.
Second, two of the government’s primary arguments are that the closure was temporary and its impact de minimus, and *554 that Agosto had an affirmative burden to request that the court reopen the courtroom once there was room for spectators. The difficulty that I have with these arguments is that, in addition to failing to consider reasonable alternatives to closing the proceeding and failing to make findings adequate to support the closure, the court took insufficient measures to ensure that the closure would be no broader than necessary, as demanded by Waller. Waller v. Georgia, 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984).
Each argument hinges on our determining that the trial court only intended to close the courtroom until seats became available, and that it clearly conveyed this intention to the parties. The record, however, suggests otherwise. Although the judge suggested that she would welcome spectators, she also told defense counsel twice in no uncertain terms that spectators would be welcome “as soon as the jury is selected.”
With respect to the claim that the closure was temporary and its impact de minimus, whatever the judge’s intentions might have been, her initial inadequate balancing set in motion a chain of events that resulted in the closure of the courtroom for the entirety of jury selection. Because the impact of the closure was substantial, it cannot support the invocation of a triviality exception.
As for the defendant’s obligation, the defendant cannot be faulted for taking the trial judge’s statement to mean that she had conclusively ruled on the issue. Even if a defendant might have a burden under other circumstances to inform the court when a lawful closure has ended, Agosto did not have that obligation here, as it was reasonable for him to conclude that the trial judge had closed the courtroom for the entirety of jury selection.
Finally, I agree that Agosto Motors should also be afforded a new trial, based on our resolution of the courtroom closure claim. Whether Agosto Motors waived objection to the closure is a close call; ultimately I would not find waiver. The claim has, however, been forfeited by the lack of a trial objection. I would nevertheless relieve Agosto Motors of its forfeiture on plain error review, an issue that the government barely mentions.